Ruffin Chief Justice.
We are not-prepared to say, that the contract, as laid in the declaration, or as it might be * ' o lected from the testimony, would authorise a recovery in this action, even if the contract had been definitively concluded. The declaration is for an injury to the plaintiff’s right of property, and supposes, therefore, that the contract vested the right of property, if not the right of possession, in the plain-iiff. That cannot be so, if the agreement was merely exec-utory; but the action ought to have been assumpsit for the breach of the agreement. But we are not obliged to determine how that would be, since the jury have found that the parties made no contract. That puts an end to the plaintiff’s demand in any form of action, provided the Judge did not submit that enquiry to the jury without any evidence that could authorize a response in the negative. In our o~ pinion, there was not only evidence proper to be left to the jury on the point, but such as might well warrant their verdict, as given. The question is, whether the parties considered they had conclusively bargained so as to change the property. Now, a man from the country arrives in town with a parcel of timber in the river for sale, and is met by a dealer m the streets, who enquires of the owner his price and says he will give it. Bat, he does not give it; and on the contrary, goes off without taking any account of the article, neither inspecting nor measuring it, nor telling the other where to carry it for measurement and delivery; and above al!, not paying for it nor offering at any time to make payment. What could the country-man think, under such circumstances, but that the stranger meant to practice on him either a jest or a fraud? What must any one think of it, even when subsequently considering it with deliberation? It seems to us, that the parties must have conversed upon the tacit understanding, that the timber was to be measured and received immediately, and paid for on the spot; and that, without the cash, it was -no bargain. Therefore, when the pretended buyer went away and staid, it does not appear how long, but long enough for the other party to find out that he svas insolvent and could not pay for the timber, and to make a sale to another person, what could the jury reasonably in *392 fer, but that ‘the transaction had begun and ended in mere wit^lout any t^ing serious being finally concluded on; or if it had, that it was immediately abandoned? Against th.iS there is nothing to militate, but that, <! in the course of the conversation” afterwards, the defendant said he had sold-to the plaintiff, and offered to pay him the difference. But the offer may have justly been regarded as one of compromise, or as having been prompted by a disposition of the defendant to satisfy the plaintiff that he had not been actuated by the difference in price. As to the observation that he had sold to the plaintiff, it might have been meant, and, as things stood, probably was meant for no more than that he had agreed to sell. That was true'enough; but the agreement,from its nature, might be deemed, and was deemed by the jury to have been conditional, and therefore not binding on the defendant after seeing the conduct of the plaintiff. Upon the whole, we think His Honor fairly left the question to the jury; aud therefore that the judgment must be affirmed.
Per Curiam. Judgment affirmed.